**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-4064**

─────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

RICHARD MONTAGUE POWELL,

                              Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CR-04-434)

─────────

Submitted:  June 24, 2005          Decided:  July 19, 2005

─────────

Before WILLIAMS, MICHAEL, and DUNCAN, Circuit Judges.

─────────

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

─────────

Grover C. Seaton IV, Moncks Corner, South Carolina, for Appellant.
Jonathan S. Gasser, Acting United States Attorney, Miller W.
Shealy, Jr., Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Richard Montague Powell pled guilty to copyright infringement in violation of 17 U.S.C. § 506(a)(1) (2000), 18 U.S.C. § 2319(b)(1) (2000). Powell was sentenced to 30 months of imprisonment, followed by two years of supervised release. He appeals his sentence.

Powell first argues on appeal that the district court erred in applying the fraud enhancement to his base offense level, pursuant to U.S. Sentencing Guidelines Manual §§ 2B5.3(b), 2B1.1(b)(1)(G) (2003), because the copyright holder suffered no pecuniary harm and thus there was no loss. However, the determination of whether the enhancement from the fraud guideline applies to enhance the base offense level for copyright infringement is based on retail value of the infringement, not the copyright holder's pecuniary loss. USSG § 2B5.3(b), comment. (n.2(B)) ("the infringement amount is the retail value of the infringing item, multiplied by the number of items"). Because Powell pled guilty to the indictment, which included the averment that the retail value of the infringement was in excess of $250,000, and further agreed at sentencing that the value of the infringement was greater than $200,000, we find the district court did not err in applying the enhancement pursuant to USSG § 2B1.1(b)(1)(G).

Powell also argues the district court erred in applying the federal sentencing guidelines as mandatory in violation of United States v. Booker, 125 S. Ct. 738 (2005). Because Powell did not object to his sentence in the district court on this ground, our review is for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Powell must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. at 547-48. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. §§ 3553(b)(1), 3742(e) (West 2000 & Supp. 2005), thereby making the guidelines advisory. Hughes, 401 F.3d at 546.

In United States v. White, 405 F.3d 208 (4th Cir. 2005), we recognized that a sentence that does not violate the Sixth

Amendment may involve cognizable plain error when it appears the district court would have imposed a lesser sentence if it had treated the guidelines as advisory. Here, although the court's comments at sentencing are not conclusive, they can be interpreted to permit the possibility that a lower sentence might have been imposed on Powell had the court not been under the now-erroneous understanding that application of the guidelines was mandatory.[*] Out of deference to the district court, then, we vacate Powell's sentence and remand the case for resentencing consistent with <u>Booker</u>.

Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005) (applying <u>Booker</u> on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u> If that sentence falls outside the Guidelines

---

[*]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Powell's sentencing.

range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

Accordingly, we affirm the conviction, but vacate Powell's sentence and remand for resentencing in accordance with <u>Booker</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>